**LAW OFFICES OF KENNETH L. BAUM LLC**
201 W. Passaic Street, Suite 104
Rochelle Park, New Jersey 07662
(201) 853-3030
(201) 584-0297 Facsimile
Attorneys for Defendant,
Educational Credit Management Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> KEVIN JARED ROSENBERG, <br><br> Debtor. | CASE NO. 18-35379-cgm <br><br> Chapter 7 |
| KEVIN JARED ROSENBERG, <br><br> Plaintiff, <br><br> v. <br><br> NY STATE HIGHER EDUCATION SERVICES CORPORATION, YESHIVA UNIVERSITY, ACCESSLEX INSTITUTE d/b/a ACCESS GROUP, and EDUCATIONAL CREDIT MANAGEMENT CORPORATION, <br><br> Defendants. | ADV. PRO. NO. 18-09023-cgm |

**NOTICE OF APPEAL AND STATEMENT OF ELECTION**

**Part 1: Identify the appellant**

1. Name of appellant:

    Educational Credit Management Corporation

2. Position of appellant in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ☐ Plaintiff<br>☒ Defendant<br>☐ Other (describe) | ☐ Debtor<br>☐ Creditor<br>☐ Trustee<br>☐ Other (describe): |

**Part 2:  Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:  Order Granting Motion to Strike Expert Witness Jesse R. Ogren [Docket No. 113] [See Exhibit A].

2. State the date on which the judgment, order, or decree was entered: September 21, 2022.

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Plaintiff Kevin Jared Rosenberg      Attorney:   Austin C. Smith, Esq.
                                                           Smith Law Group LLP
                                                           99 Wall Street, No. 426
                                                           New York, New York 10005
                                                           (917) 992-2121

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign Below**

<u>*/s/ Kenneth L. Baum*</u>                                            Date: October 5, 2022
Signature of attorney for appellant

Kenneth L. Baum
Law Offices of Kenneth L. Baum LLC
201 W. Passaic Street, Suite 104
Rochelle Park, NJ 07662
Telephone: (201) 853-3030
Facsimile: (201) 584-0297
kbaum@kenbaumdebtsolutions.com

*Counsel for Educational Credit Management Corporation*

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Kevin J. Rosenberg<br><br>Debtor<br><br>_____<br><br>Kevin J. Rosenberg<br><br>Plaintiff<br><br>v.<br><br>Educational Credit Management Corporation<br><br>Defendant | Bankr. No. 18-3537-cgm<br><br><br><br><br><br>Adv. Pro. 18-9023-cgm |

## ORDER GRANTING MOTION TO STRIKE EXPERT WITNESS JESSE R. OGREN

UPON full consideration of the submitted materials (ECF Nos. 102 and 108) and after notice and an evidentiary hearing held on September 19, 2022, and pursuant to Fed R. Evidence 702, the Court hereby precludes Defendant Educational Credit Management Corporation's proposed expert witness Jesse R. Ogren from offering testimony in the above captioned matter.



**Dated: September 21, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>KEVIN JARED ROSENBERG,<br><br>*Petitioner* | Chapter 7<br>Case No. 18-35379 (CGM) |
| KEVIN JARED ROSENBERG,<br><br>Plaintiff,<br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>Defendant. | Adv. Pro. No. 18-09023(CGM) |

**MEMORANDUM MEMORIALIZING THE BENCH RULING**
**STRIKING THE TESTIMONY AND REPORT OF JESSE R. OGREN**

**A P P E A R A N C E S :**

*Attorneys for Kevin Jared Rosenburg*
Smith Law Group, LLP
99 Wall Street, No. 426
New York, New York 10005
By: Austin C. Smith

*Attorneys for Educational Creditor Management Corporation*
Law Offices of Kenneth L. Baum, LLC
201 W. Passaic Street, Suite 104
Rochelle Park, New Jersey 07662
By: Kenneth L. Baum

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion of the Plaintiff, Kevin Jared Rosenburg, to strike the testimony and report of Jesse R. Ogren ("Ogren"), the proposed expert witness of the Defendant, Educational Creditor Management Corporation ("ECMC"). The Court held a hearing on the motion on August 16, 2022, via Zoom and a *voir dire* on September 19, 2022, in person in at the US Bankruptcy Court in Poughkeepsie, New York. As the Court ruled on the record at the Septemner 19, 2022 hearing, the motion to strike is granted.

## Background

On June 18, 2018, Kevin Rosenberg filed this adversary proceeding to discharge his student loan debt. This Court granted summary judgment for the Plaintiff and denied summary judgment for the Defendant on January 7, 2020. ECMC appealed this decision to the United States District Court for the Southern District of New York. On September 29, 2021, the District Court reversed this Court's grant of summary judgment for the Plaintiff, upheld this Court's denial of summary judgment for ECMC and remanded the case to this Court for further proceedings.

The Debtor seeks to have the report of the Defendnat's expert witness, Jesse R. Ogren, struck. Mr. Ogren is a vocational counselor and evaluator with and owner of the Wisconsin Return-to-Work Center, based in Minneapolis, Minnesota. Mr. Ogren's report concludes that the Debtor could earn a salary of $80,000 as a paralegal were he to apply for work. Vocational Evaluation Report, ECF No. 102. The report states in relevant part:

> Based on Mr. Rosenberg's past work and earnings history, it is my opinion that he continues to be employable at his demonstrated earning capacity of at least $80,000 per year which he obtained as a paralegal . . . .
>
> . . . [I]t is my opinion that he is earning well below his potential earning capacity.

Mr. Ogren completed telephonic evaluations with the Plaintiff in March 2019 and May 2022. Mr. Ogren's report states that he "performed a labor market survey in the geographical region around his home in Beacon." *Id.* Mr. Ogren "also relied on texts such as the Dictionary of Occupational Titles and the Handbook for Analyzing Jobs, and The Bureau of Labor Statistics Occupational and Employment Statistics." *Id.*

Mr. Ogren identifies his methodology as the "RAPEL methodology for determining earning capacity." Obj. ¶ 10, ECF No. 108. "RAPEL" stands for "Rehabilitation Plan, Access to the Labor Market, Placeability, Earning Capacity, and Labor Force Participation." *Id.*

## Discussion

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony by providing the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based upon sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the testimony has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. *United States v. Williams*, 506 F.3d 151, 160 (2d Cir.2007) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593 n. 10, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).

A trial court serves as a gatekeeper for expert evidence and is responsible for "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 42–43 (S.D.N.Y. 2016) (citing *Daubert*,

509 U.S. at 597). "The inquiry envisioned by Rule 702 is . . . a flexible one," and the "focus" of the inquiry "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 594–95.

Rule 702 requires that "expert testimony rest on 'knowledge,' a term that 'connotes more than subjective belief or unsupported speculation.'" *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 559 (S.D.N.Y. 2004) (quoting *Daubert*, 509 U.S. at 590). The Rule 702 inquiry "involves the assessment of (1) the qualifications of the expert to testify as to a particular matter, (2) the reliability of the methodology and underlying data employed by the expert, and (3) the relevance of the expert's testimony (i.e., whether the expert's testimony as to a particular matter will 'assist the trier of fact'"). *Bocoum v. Daimler Trucks N. Am. LLC*, No. 17 Civ. 7636 (JPC) (BCM), 2022 WL 902465, at *6 (S.D.N.Y. Mar. 28, 2022) (quoting *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005)).

Expert testimony is admissible only when "the reasoning or methodology underlying the testimony is scientifically valid and . . . that reasoning or methodology underlying the testimony can properly be applied to the facts in issue." *Daubert*, 509 U.S. at 593 –94, 113 S. Ct. 2786, 125 L. Ed. 2d 469. The Court "should exclude expert testimony if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 214 (2d Cir. 2009); *see also Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005) ("[I]f the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, it must be excluded.").

In December 2021, the United States District Court for the District of Nebraska found inadmissible at trial the testimony of Jesse Ogren under Rule 702, describing it as "speculative or based on insufficient facts." *Gutherless v. Union Pac. R.R. Co.*, No. 8:20CV442, 2021 WL 5958355, at *2 (D. Neb. Dec. 16, 2021). The testimony, which was based in an interview with the plaintiff, "vocational testing he performed" and estimates by the U.S. Bureau of Labor Statistics data, "failed to provide an adequate basis for his opinions." *Id.*

An expert witness must offer some scientific, technical, or other specialized knowledge to help the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702(a). Knowledge "connotes more than subjective belief or unsupported speculation." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 559 (S.D.N.Y. 2004) (quoting *Daubert*, 509 U.S. at 590). The Court today has heard no evidence of the scientific, technical, or otherwise specialized nature of the knowledge that Mr. Ogren offers in this case. Rule 702 offers no sliding scale for testimony that fails to meet this requirement.

A Rule 702 inquiry requires the Court to determine "the reliability of the methodology and underlying data employed by the expert." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 559 (S.D.N.Y. 2004) (quoting *Daubert*, 509 U.S. at 590). The Court must ensure that the testimony "rests on a reliable foundation." *Teachers' Ret. Sys. of La. v. Pfizer, Inc.* (*In re Pfizer Inc. Sec. Litig.*), 819 F.3d 642, 658 (2d Cir. 2016) (citations and internal quotation marks omitted). The Court has heard no way to determine the reliability of Mr. Ogren's testimony or his principles and methods. The Defendant has not described how RAPEL operates as a methodology or how the results can be measured or verified for reliability. Mr. Ogren's

description of RAPEL is less a methodology and more a checklist for conclusions to include in a report.

### Conclusion:

The Court agrees with the Plaintiff that Mr. Ogren has failed to demonstrate that he offers scientific, technical, or other specialized knowledge and that his testimony is based on sufficient facts or data and is the product of reliable principles and methods. The Court grants the Plaintiff's the motion to strike the expert report of Jesse Ogren. The Plaintiff shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: September 21, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**