IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Kevin J. Rosenberg<br>Debtor<br>_____<br><br>Kevin J. Rosenberg<br>Plaintiff<br>v.<br>Educational Credit Management Corporation<br>Defendant | Bankr. No. 18-3537-cgm<br><br><br><br><br><br>Adv. Pro. 18-9023-cgm |

### RESPONSE IN OPPOSITITION TO DEFENDANT'S MOTION FOR LEAVE TO APPEAL

ECMC seeks an interlocutory appeal of this court's order striking the testimony of Jesse Ogren. This Court should deny because the matter does not meet any of the three requirements for an interlocutory appeal under section 158(a)(3), which borrows the standard under section 1292(a). "To warrant our granting leave to appeal pursuant to that section, (a) the appeal must concern a question 'of law,' (b) that question must be one that is 'controlling,' and (c) that controlling question of law must be one 'as to which there is substantial ground for difference of opinion.'" *Casey v. Long Island R. Co.,* 406 F.3d 142, 146 (2d Cir. 2005). "Motions to exclude are rarely appropriate for interlocutory appeal." *Morris v. Tyson Chicken, Inc.,* 2022 WL 68963, at *1 (W.D. Ky. Jan. 6, 2022). *See also Rembrandt Soc. Media, LP v. Facebook, Inc.*, 561 F. App'x

909, 911 (Fed. Cir. 2014) (denying interlocutory appeal of *Daubert* ruling even though the district court certified and the parties requested it).

First, evidentiary rulings under Daubert are not pure legal questions which are reviewed *de novo*. *Casey v. Long Island R. Co.,* 406 F.3d 142, 147 (2d Cir. 2005). Rather, evidentiary rulings are reviewed for abuse of discretion. *Franklin v. Consol. Edison Co. of New York, Inc.,* 37 F. App'x 12, 14 (2d Cir. 2002) ("We review a district court's decision to admit or exclude evidence under *Daubert* for abuse of discretion."). And "[a]buse of discretion rulings dot satisfy the standard under 1292(b)." *White v. Nix,* 43 F.3d 374, 377 (8th Cir.1994) ("A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court."); *In re City of Memphis,* 293 F.3d 345, 351 (6th Cir. 2002) ("An allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b).").

In *Lidle*, the court rejected the movant's argument that the motion to exclude raised a pure legal question. Rather, the court stated that an evidentiary ruling was a classic example of applying law to facts:

> The essence of Defendant's argument is that the Court incorrectly applied the law to the facts presented. Thus, the questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented by the parties. Thus, this is not a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Under these circumstances, such determinations do not present issues of pure law and therefore are not appropriate for interlocutory review. *Lidle v. Cirrus Design Corp.,* 2010 WL 4345733, at *3 (S.D.N.Y. Oct. 29, 2010).

Second, there is not substantial ground for difference of opinion. Contrary to ECMC's characterization, Ogren's exclusion was not an abstract ruling against the RAPEL method—it was a rejection of this specific expert to testify about this specific debtor. And the Defendant's failure to attach the transcript—where the Court made that abundantly clear-- of the *voire dire* is telling

in this respect. Moreover, ECMC again states that its expert was not precluded from testifying in *Gutherless*. Motion at 8. This Court rejected Ogren's sworn testimony regarding the holding in *Gutherless*, and a review of the docket shows no indication from that court or the parties that Ogren was ever permitted to testify about anything after the court's evidentiary ruling. Furthermore, ECMC insists there is ample evidence of Ogren's testimony in other matters—but it might also be said that Ogren has never once survived a *Daubert* challenge; indeed, ECMC has offered no evidence that Ogren has ever done so.

Third, it will not materially advance the termination of the litigation. Whether or not the decision is reversed, the parties are still proceeding to trial. *In re City of Memphis,* 293 F.3d 345, 351 (6th Cir. 2002) ("When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation."). Moreover, moving to appeal an evidentiary ruling before trial is clearly not in the interest of judicial economy—that is precisely why they are precluded from immediate review.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the Defendant's motion for leave to appeal.

October 19, 2022

                                              Respectfully submitted,

                                              By:   */s/ Austin Smith*

**SMITH LAW GROUP LLP**
Austin C. Smith
99 Wall Street, No. 426
New York, New York 10005
(917) 992-2121
austin@acsmithlawgroup.com

## **CERTIFICATE OF SERVICE**

I, Austin C. Smith, do hereby certify that this document was served on all parties registered to receive ECF filings on October 19, 2022.


*/s Austin C. Smith*