UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Bankr. Case No. 18-35379-cgm |
| KEVIN JARED ROSENBERG, | Adv. Pro. No. 18-09023-cgm |
| Debtor. | |

| | |
|---|---|
| KEVIN JARED ROSENBERG, | Case No. 7:22-cv-08954-KMK |
| Plaintiff-Appellee, | On Appeal from Order Granting Motion to Strike Expert Witness Jesse R. Ogren entered on September 21, 2022, by the Honorable Cecelia G. Morris, U.S.B.J. |
| v. | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | |
| Defendant-Appellant. | |

**APPELLANT EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER**

Law Offices of Kenneth L. Baum LLC
Kenneth L. Baum (KB-2492)
201 W. Passaic Street, Suite 104
Rochelle Park, New Jersey 07662
(201) 853-3030
(201) 584-0297 (Facsimile)

*Attorneys for Appellant Educational Credit Management Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................ii-iii

I.     INTRODUCTION……………………………………………………..1

II.    FACTS NECESSARY TO UNDERSTAND QUESTIONS
       PRESENTED……………………………………………………………..1

III.   THE QUESTION ITSELF………………………………………………4

IV.    THE RELIEF SOUGHT…………………………………………………5

V.     THE REASONS WHY LEAVE TO APPEAL SHOULD BE
       GRANTED………………………………………………………………...5

       A.   The Bankruptcy Court Order Involves a Controlling
            Question of Law……...……………………………………6

       B.   A Substantial Ground for a Difference of Opinion Exists…….8

       C.   An Immediate Appeal from the Bankruptcy Court Order
            Will Materially Advance the Ultimate Termination
            of the Case………………………………………………11

VI.    CONCLUSION……... ...............................................................11

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Am. Cyanamid*, No. 11-CV-0055, 2021 WL 1086245, at *12
    (E.D. Wis. Mar. 22, 2021) ..................................................................... 10

*Benjumen v. AES/Charter Bank, et al. (In re Benjumen)*, 408 B.R. 9, 20-21 (Bankr. E.D.N.Y.
    2009) ...................................................................................................... 7

*Brunner v. N.Y. State Higher Educ. Servs. Corp. (In re Brunner)*, 831 F.2d 395 (2d Cir. 1987) ... 2

*Christopher O. v. Kijakazi*, No. 3:21-CV-50181, 2022 WL 3026937, at *4 (N.D. Ill. Aug. 1,
    2022) ...................................................................................................... 10

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786 (1993) ........ 7

*Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 401 (4th Cir. 2005) ........ 2

*Gutherless v. Union Pac. R.R. Co.*, No. 8:20CV442, 2021 WL 5958355,
    at *2 (D. Neb. Dec. 16, 2021) ............................................................... 10

*Hekmati v. Islamic Republic of Iran*, 278 F. Supp. 3d 145, 165, ft. 13 (D.D.C. 2017) ............... 10

*Hlady v. Key Bank N.A., et al. (In re Hlady)*, 616 B.R. 257, 275-6 (Bankr. E.D.N.Y. 2020) ........ 2

*In re Chapelle*, 328 B.R. 565 (Bkrtcy. C.D. Cal. 2005) ...................................................... 9

*In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012) ...................................... 5

*In re Hamilton*, 361 B.R. 532, 546-57 (Bkrtcy. D. Montana 2007) ................................. 9

*In re Hootman*, 2004 WL 2418315 (Bkrtcy. N.D. Iowa 2004) ..................................... 9

*In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003) .............................................................. 5

*In re Lavy*, No. 07-41399, 2008 WL 4964721, at *3 (Bankr. W.D. Wash. Nov. 14, 2008) ........... 9

*In re Lawrence*, 2006 WL 384985 (Bkrtcy. E.D. Va. 2006) ....................................... 9

*In re Lozada*, 604 B.R. 427 (S.D.N.Y. 2019) ......................................................... 2, 9

*In re Mason*, 464 F.3d 878, 883 (9th Cir. 2006) ....................................................... 9

*In re McDowell*, 549 B.R. 744, 764-65 (Bkrtcy. D. Idaho 2016) ................................. 9

*In re Renville*, No. ADV. 04-00101-RBK, 2006 WL 3206126, at *5 (D. Mont. Nov. 3, 2006) .... 9

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F.Supp.2d 558, 562 (S.D.N.Y. 2007) ..... 7

*McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) ................................................ 7

*Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16 Civ. 7907,
2019 WL 1055527, at *1 (S.D.N.Y. Mar. 6, 2019) ................................................................... 7

*Morgan v. Jacques,* No. 2:08-CV-64, 2010 WL 11537864, at *3 (D. Vt. Oct. 5, 2010) ............ 10

*N. Fork Bank v. Abelson*, 207 B.R. 382, 389 (Bankr. E.D.N.Y. 1997) ......................................... 6

*Nemec v. Mosaic Co.,* No. 8:18-CV-1231-T-30AEP, 2019 WL 13185949,
at *3 (M.D. Fla. Dec. 23, 2019) ............................................................................................. 10

*Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005) ................................................ 6, 7

*Packard v. City of New York*, 2020 WL 1479016, *2 (S.D.N.Y. March 25, 2020) ....................... 7

*Rios v. Ramage,* No. 2:19-CV-02602-HLT, 2021 WL 2255050, at *9 (D. Kan. June 3, 2021) ... 10

*Secs. Investor Protection Corp. v. Bernard L. Madoff Investment Secs. LLC*, No. 11 Misc. 285,
2011 WL 6057927, at *5 (S.D.N.Y. Dec. 6, 2011) ................................................................... 8

*Shenk v. U.S. Dept. of Educ. (In re Shenk)*, 603 B.R. 671, 680 (Bankr. N.D.N.Y. 2019) ............. 2

*Traversa v. Educ. Credit Mgmt. Corp.*, 386 B.R. 386, 388 (Bankr. D. Conn. 2008) .................... 5

**Statutes**

28 U.S.C. § 158(a)(3) ................................................................................................................... 5

**Rules**

Fed. R. Bankr. P. 8004 .................................................................................................................. 1

Fed. R. Evid. 702 .......................................................................................................................... 1

# I.  INTRODUCTION

Defendant Educational Credit Management Corporation respectfully submits this brief in support of its motion pursuant to Fed. R. Bankr. P. 8004 for leave to appeal the Order Granting Motion to Strike Expert Witness Jesse R. Ogren dated September 19, 2022 [Docket No. 113] (the "Bankruptcy Court Order").  The Bankruptcy Court Order granted Plaintiff Kevin Jared Rosenberg's ("Plaintiff") motion to strike the testimony and vocational evaluation report of ECMC's proposed vocational expert, Jesse R. Ogren ("Ogren"), pursuant to Fed. R. Evid. 702 [Docket No. 102] (the "Motion to Strike").

# II.    FACTS NECESSARY TO UNDERSTAND QUESTIONS PRESENTED

Plaintiff commenced the above-captioned adversary proceeding seeking a declaration that his federal student loans held by ECMC (the "ECMC Loans") are dischargeable pursuant to 11 U.S.C. § 523(a)(8).  Section 523(a)(8) of the Bankruptcy Code provides that a student loan debt is not dischargeable unless "excepting such debt from discharge…will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. 523(a)(8). The Second Circuit adopted the *Brunner* standard for "undue hardship."  *Brunner v. N.Y. State Higher*

1

*Educ. Servs. Corp. (In re Brunner)*, 831 F.2d 395 (2d Cir. 1987) (per curiam).

Under the *Brunner* test, a debtor claiming "undue hardship" must demonstrate:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

> *Id.* at 396.

The second prong has been referred to as, "the heart of the Brunner test." *Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 401 (4th Cir. 2005). "Under this factor, debtors must demonstrate 'unique or exceptional circumstances in their current situations that would clearly limit their future abilities to earn a living, support themselves, and repay their loans.'" *In re Lozada*, 604 B.R. 427, 436 (S.D.N.Y. 2019) (citations omitted). Accordingly, courts consider, among other factors, "a debtor's 'assets, career, income or potential for increased career and financial opportunities'…and whether a debtor has maximized her income potential, has more lucrative job skills, has limited working years left, and whether there are factors that would prevent the debtor from retraining or relocating…." *Hlady v. Key Bank N.A., et al. (In re Hlady)*, 616 B.R. 257, 275-6 (Bankr. E.D.N.Y. 2020) (quoting *Shenk v. U.S. Dept. of Educ. (In re Shenk)*, 603 B.R. 671, 680 (Bankr. N.D.N.Y. 2019)).

Plaintiff is a 49-year-old, healthy individual with no dependents.  He is college-educated, with B.A. and J.D. degrees – the latter of which was financed through the ECMC Loans.  Plaintiff is licensed to practice law in the states of New York and New Jersey.  He voluntarily left his first job as an associate attorney at a law firm after only 2 ½ months because he did not find the work interesting. Plaintiff, with the exception of a brief period of working as a part-time contract attorney, has not sought any other employment in the legal profession and has no intention of ever doing so.  Instead, Plaintiff, for approximately the past 12 years, has held various positions in the outdoor adventure industry, including starting up and running his own tour guide business.

ECMC, through its counsel, retained Ogren to interview Plaintiff, render a report on potential employment opportunities which Plaintiff would be reasonably qualified to pursue, and testify as an expert at trial.  Ogren conducted two (2) separate interviews of Plaintiff.  The first interview took place in 2019.  Ogren rendered an initial Vocational Evaluation Report dated April 15, 2019, which was introduced into the record by Plaintiff through his summary judgment motion [Dkt. No. 44].  The Bankruptcy Court granted Plaintiff's summary judgment motion [Dkt. No. 68] and ECMC appealed.  The district court reversed the Bankruptcy Court and remanded the case to the Bankruptcy Court for trial [Dkt. No. 79].  Upon remand, Ogren interviewed Plaintiff a second time in 2022 and

3

issued a Vocational Evaluation Report – Addendum dated June 17, 2022 (the initial report and the addendum shall collectively be referred to as the "Vocational Report"). The Vocational Report contains Ogren's vocational expert evaluation, which demonstrates that earning opportunities abound for Plaintiff in the legal profession and other areas, many with substantially higher income potential than his current level.

Plaintiff filed a motion to strike the Vocational Report (Doc No. 102). The Bankruptcy Court ordered an in-person voir dire hearing where Ogren testified as to his experience and methodology. The Bankruptcy Court subsequently issued an Order and Opinion Memorandum striking Ogren from offering expert testimony in the above-captioned adversary proceeding pursuant to Fed. R. Evid. 702 (Doc Nos. 112-13).

### III.   THE QUESTION ITSELF

Should ECMC be granted leave to appeal the Bankruptcy Court Order, where the expert testimony of Ogren, who has been qualified as a vocational expert in many cases throughout the country, will impact directly on the ultimate consideration of the *Brunner* factors to this case, and where a potential appeal after trial would be an inefficient use of judicial resources?

## IV.   THE RELIEF SOUGHT

ECMC seeks reversal of the Bankruptcy Court Order precluding Ogren from testifying at trial.

## V.   THE REASONS WHY LEAVE TO APPEAL SHOULD BE GRANTED

Pursuant to 28 U.S.C. § 158(a)(3), "a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court." *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003).   "'In determining whether to grant leave to appeal an interlocutory order from the bankruptcy court, the Court will apply the standard set forth in 28 U.S.C. § 1292(b), which is the standard used by the court of appeals to determine whether to entertain interlocutory appeals from the district court.'" *In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012) (quoting *Traversa v. Educ. Credit Mgmt. Corp.*, 386 B.R. 386, 388 (Bankr. D. Conn. 2008)).   "Thus, in deciding whether to grant leave to appeal from an interlocutory bankruptcy court order, a district court should consider whether: (1) 'such order involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.* (quoting 28 U.S.C. § 1292(b)).   Here, ECMC satisfies all these standards.

**A.**   **The Bankruptcy Court Order Involves a Controlling Question of Law.**

"'To establish that an order contains a controlling question of law, it must be shown that either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation.'" *In re Futter Lumber Corp.*, 473 B.R. at 27 (quoting *N. Fork Bank v. Abelson*, 207 B.R. 382, 389 (Bankr. E.D.N.Y. 1997)).  In either case, the emphasis is on whether a pure question of law exists, rather than a factual dispute.  *Id.*

In this case, the controlling question of law is the admissibility of expert testimony under Rule 702. The admissibility of expert testimony in the federal courts is governed principally by Rule 702 of the Federal Rules of Evidence:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702

*Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005)

Rule 702 governs the district court's responsibility to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but

6

reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786 (1993). It is a "well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions…" *Nimely v. City of New York*, 414 F.3d 381, 395 (2d Cir. 2005), and the correlating doctrine that "[e]xclusion of expert testimony is 'the exception rather than the rule.'" (*Packard v. City of New York*, 2020 WL 1479016, *2 (S.D.N.Y. March 25, 2020) (quoting *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16 Civ. 7907, 2019 WL 1055527, at *1 (S.D.N.Y. Mar. 6, 2019) (citation omitted)).  Indeed, the trial court's "'role as gatekeeper is not intended to serve as a replacement for the adversary system,'" and any purported deficiencies in a proposed expert's testimony may be addressed through cross-examination and other trial methods. *Benjumen v. AES/Charter Bank, et al. (In re Benjumen)*, 408 B.R. 9, 20-21 (Bankr. E.D.N.Y. 2009) (quoting *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 525 F.Supp.2d 558, 562 (S.D.N.Y. 2007)).  *See also McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) ("Disputes as to the strengths of [a proposed expert's] credentials, faults in his use of differential etiology as a methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.").

Moreover, to exclude the testimony of a vocational expert will materially affect the outcome of the litigation. As discussed in detail below, expert testimony

of vocational experts is common and routinely considered by courts in undue hardship cases under 11 U.S.C. § 523(a)(8), and ECMC will be materially affected if it is not allowed to offer expert evidence regarding Plaintiff's reasonable earning potential, which is a key factor under the second prong of the *Brunner* test. *See Hlady*, 616 B.R. at 275-76.

Measured against these liberal standards, this case clearly presents a controlling question of law, the determination of which on appeal will materially affect the outcome of this litigation. Therefore, ECMC satisfies the first standard set forth in 28 U.S.C. § 1292(b).

**B.       A Substantial Ground for a Difference of Opinion Exists.**

ECMC also satisfies the standard that there be "substantial ground for difference of opinion." *In re Futter Lumber Corp.*, 473 B.R. at 26. In this regard, "'[a]t least some precedent that bears on the matter, however, thin, may establish a substantial ground for dispute.'" *Id.* (quoting *Secs. Investor Protection Corp. v. Bernard L. Madoff Investment Secs. LLC*, No. 11 Misc. 285, 2011 WL 6057927, at *5 (S.D.N.Y. Dec. 6, 2011)). Here, there is not merely "thin" precedent, there is a plethora of precedent for permitting an expert – and, more specifically, a vocational expert – to testify in connection with an adversary proceeding to determine the dischargeability of student loan debt pursuant to Section 523(a)(8) of the Bankruptcy Code. *See e.g. Benjumen v. AES/Charter Bank, et al. (In re Benjumen)*,

8

408 B.R. 9 (Bankr. E.D.N.Y. 2009) (permitting the debtor's expert, a licensed psychologist and certified rehabilitation counselor, to testify regarding the debtor's vocational prospects and employability), *In re Mason,* 464 F.3d 878, 883 (9th Cir. 2006), *In re Hamilton,* 361 B.R. 532, 546-57 (Bkrtcy. D. Montana 2007), *In re Chapelle,* 328 B.R. 565 (Bkrtcy. C.D. Cal. 2005), *In re McDowell,* 549 B.R. 744, 764-65 (Bkrtcy. D. Idaho 2016), *In re Lawrence,* 2006 WL 384985 (Bkrtcy. E.D. Va. 2006), *In re Hootman,* 2004 WL 2418315 (Bkrtcy. N.D. Iowa 2004), *In re Renville*, No. ADV. 04-00101-RBK, 2006 WL 3206126, at *5 (D. Mont. Nov. 3, 2006), *In re Lavy*, No. 07-41399, 2008 WL 4964721, at *3 (Bankr. W.D. Wash. Nov. 14, 2008). In fact, Ogren himself testified as a vocational expert in this very jurisdiction using the same methodology and was cited with approval in this court on appeal. *In re Lozada*, 604 B.R. 427 (S.D.N.Y. 2019) (permitting Ogren to testify as an expert for ECMC in its defense of the debtor's complaint). ECMC was unable to locate a single case where a vocational expert was excluded under Rule 702 in an undue hardship case under 11 U.S.C. § 523(a)(8).

Not only is there a plethora of authority where vocational experts have testified in undue hardship cases under Section 523(a)(8), there is ample authority where Ogren specifically has been allowed to testify as a vocational expert in a variety of contexts using the same or similar methodology. (See Dkt. No. 108, Declaration of Jesse R. Ogren, at ¶ 6 and Exh. 1, pp. 3-4.)

9

Moreover, the "RAPEL" methodology, which Ogren will use in this case, is an accepted methodology by federal courts for vocational experts. *See Morgan v. Jacques,* No. 2:08-CV-64, 2010 WL 11537864, at *3 (D. Vt. Oct. 5, 2010) (noting that RAPEL is generally accepted within the relevant scientific community and, therefore, the expert witness using the methodology did not lack sufficient reliability to be excluded under Rule 702); *see also Nemec v. Mosaic Co.,* No. 8:18-CV-1231-T-30AEP, 2019 WL 13185949, at *3 (M.D. Fla. Dec. 23, 2019) (concluding that the RAPEL methodology will help the factfinder understand the possible range of his earning capacity), *Rios v. Ramage,* No. 2:19-CV-02602-HLT, 2021 WL 2255050, at *9 (D. Kan. June 3, 2021), *Christopher O. v. Kijakazi*, No. 3:21-CV-50181, 2022 WL 3026937, at *4 (N.D. Ill. Aug. 1, 2022) (recognizing the general acceptance of the RAPEL methodology but finding questions about the utilization of the methodology in that case), *Allen v. Am. Cyanamid*, No. 11-CV-0055, 2021 WL 1086245, at *12 (E.D. Wis. Mar. 22, 2021), *Hekmati v. Islamic Republic of Iran*, 278 F. Supp. 3d 145, 165, ft. 13 (D.D.C. 2017).

Finally, the Bankruptcy Court's reliance on *Gutherless v. Union Pac. R.R. Co.*, No. 8:20CV442, 2021 WL 5958355, at *2 (D. Neb. Dec. 16, 2021) is misplaced. The Bankruptcy Court incorrectly noted in the Bankruptcy Court Order that the U.S. District Court, District of Nebraska "found inadmissible at trial the testimony of Jesse Ogren under Rule 702…" As Ogren explained in his Declaration, he provided

the court in that case with supplemental information, and while the court limited the maximum amount of potential lost wages, Ogren was allowed to give expert testimony on the issue in that case (Ogren Declaration, ¶ 7).

**C.      An Immediate Appeal from the Bankruptcy Court Order Will Materially Advance the Ultimate Termination of the Case.**

Lastly, it is clear that an immediate appeal from the order "may materially advance the ultimate termination" of this case.  *In re Futter Lumber Corp.*, 473 B.R. at 26.  If ECMC is compelled to file a post-trial appeal of an adverse decision at trial based on the bankruptcy court's refusal to allow Ogren to provide expert testimony, and the district court were to reverse and remand to allow Ogren to testify, the parties would be forced to endure the time and expense of two (2) trials of this case.  In the interest of judicial economy, permitting ECMC to prosecute an interlocutory appeal of the Bankruptcy Court Order is the better alternative.

## VI.   CONCLUSION

The Bankruptcy Court erred in striking Ogren as an expert vocational witness, where his testimony is relevant, supported by an accepted methodology, and necessary to the ultimate determination of whether Plaintiff satisfies the *Brunner* standards.  The interests of judicial economy will be best served by hearing ECMC's appeal of the Bankruptcy Court Order now, rather than potentially after a trial.

Accordingly, ECMC respectfully requests that the Court grant ECMC leave to appeal.


Dated: Rochelle Park, New Jersey
      January 24, 2023

LAW OFFICES OF KENNETH L. BAUM LLC
Attorneys for Appellant Educational Credit Management Corporation

By:   */s/ Kenneth L. Baum*
      Kenneth L. Baum
      201 W. Passaic Street, Suite 104
      Rochelle Park, NJ 07662
      (201) 853-3030
      (201) 584-0297 Facsimile