# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Kevin J. Rosenberg<br><br>Debtor<br>_____<br><br>Kevin J. Rosenberg<br><br>Plaintiff<br><br>v.<br><br>Educational Credit Management Corporation<br><br>Defendant | Case No. 7:22-cv-08954-KMK<br><br><br><br><br><br>Adv. Pro. 18-9023-cgm |

## RESPONSE IN OPPOSITITION TO DEFENDANT'S MOTION FOR LEAVE TO APPEAL

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..................................................................................................1

II. LEGAL STANDARD..............................................................................................................2

III. ARGUMENT AND AUTHORITIES ........................................................................................2

A. THIS IS NOT A QUESTION OF LAW....................................................................................2

B. THERE IS NOT SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINON AND EVERY FEDERAL COURT TO CONDCUT A DAUBERT CHALLENGE TO JESSE OGREN HAS FOUND HIM UNRELIABLE ........................................................................................................................4

C. APPELLATE REVIEW WILL NOT MATERIALL ADVANCE THE TERMINATION OF THE LITIGATION .............................................................................................................................5

IV. CONCLUSION........................................................................................................................5

# **TABLE OF AUTHORITIES**

*Amorgianos v. Nat'l R.R. Passenger Corp.,*
303 F.3d 256 (2d Cir. 2002)…………………………………………………….........2

*Bellino v. JPMorgan Chase Bank, N.A.,*
 2017 WL 129021 (S.D.N.Y. Jan. 13, 2017) ……………………….……..……3

*Casey v. Long Island R. Co.,*
406 F.3d 142 (2d Cir. 2005). …………………………………………………………1, 2

*Daubert v. Merrell Dow Pharms., Inc.,*
509 U.S. 579 (1993) …………………………………………………………………………1

*Franklin v. Consol. Edison Co. of New York, Inc.,*
37 F. App'x 12 (2d Cir. 2002) ……………………………………..………………3

*Gutherless v. Union Pac. R.R. Co.,*
2021 WL 5958355 (D. Neb. Dec. 16, 2021) ……………………………………………4

 *In re Ambac Fin. Group, Inc. Sec. Litig.,*
693 F.Supp.2d 241 (S.D.N.Y.2010). …………………………....…………………2

*In re City of Memphis,*
293 F.3d 345 (6th Cir. 2002) ……………………………………………...…………3, 5

*Lidle v. Cirrus Design Corp.,*
2010 WL 4345733 (S.D.N.Y. Oct. 29, 2010) ……………………………….……………3

*Martens v. Smith Barney, Inc.,*
238 F.Supp.2d 596 (S.D.N.Y.2002) ……………………………………………………2

*McCullock v. H.B. Fuller Co.*,
61 F.3d 1038 (2d Cir. 1995) ……………………………………………………………1, 2

*Morris v. Tyson Chicken, Inc.,*
2022 WL 68963 (W.D. Ky. Jan. 6, 2022). …………………………….……………..2

*Rembrandt Soc. Media, LP v. Facebook, Inc.*,
561 F. App'x 909 (Fed. Cir. 2014) …………………………………………..…………2

*Sardis v. Overhead Door Corp.,*
10 F.4th 268 (4th Cir. 2021) …………………………………………………………1

*Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.,*
 964 F.2d 85 (2d Cir.1992). …………………………………………………………2

*White v. Nix,*
43 F.3d 374 (8th Cir.1994) ………………………………………………………..……………3

## **STATUTES AND RULES**

11 U.S.C. 158(a)(3) …………………………………………………………………………..…1

28 U.S.C. 1292(b) …………………………………………………………………………………1

## I.   PRELIMINARY STATEMENT

Defendant ECMC seeks an interlocutory appeal of the Bankruptcy Court's order striking the testimony of Jesse Ogren.  This Court should deny the Motion because this matter does not meet any of the three requirements for an interlocutory appeal under section 158(a)(3), which borrows the standard under section 1292(b). "To warrant our granting leave to appeal pursuant to that section, (a) the appeal must concern a question 'of law,' (b) that question must be one that is 'controlling,' and (c) that controlling question of law must be one 'as to which there is substantial ground for difference of opinion.'" *Casey v. Long Island R. Co.,* 406 F.3d 142, 146 (2d Cir. 2005).

ECMC states that Rule 702 is a liberal standard, and the Bankruptcy Court's function as gatekeeper should not replace the adversarial system. Motion at 7. This is little more than a tautology.  The mere fact that evidentiary rulings should not displace the adversarial system does not mean any and all persons purporting to be experts should be permitted to testify as experts. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 595 (1993) (stating that experts must be vetted more carefully than lay witnesses because of their potential to mislead using pseudoscience).[1]  And as the Second Circuit has stated "the Supreme Court has made clear that the district court . . . is charged with 'the task of ensuring that an expert's testimony both rests on

---

[1] ECMC also cites a 1995 case stating that reliability issues should go to the weight and not admissibility. *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995) ("Disputes as to the strengths of [a proposed expert's] credentials, faults in his use of differential etiology as a methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony."). But it should be noted that this precedent preceded the proposed 2021 amendment to Rule 702, which the Fourth Circuit has stated encapsulates the current state of the law. *Sardis v. Overhead Door Corp.,* 10 F.4th 268, 284 (4th Cir. 2021) (quoting the proposed 2021 amendment to Fed. R. Evidence 702 "unfortunately many courts have held that the critical questions of the sufficiency of an expert's basis [for his testimony], and the application of the expert's methodology, are generally questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a) and are rejected by this amendment.")

a reliable foundation and is relevant to the task at hand." *Amorgianos v. Nat'l R.R. Passenger Corp.,* 303 F.3d 256, 265 (2d Cir. 2002).

## II. LEGAL STANDARD

"Interlocutory appeals are strongly disfavored in federal practice." *In re Ambac Fin. Group, Inc. Sec. Litig.,* 693 F.Supp.2d 241, 282 (S.D.N.Y.2010). Section 1292(b) "was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases." *Martens v. Smith Barney, Inc.,* 238 F.Supp.2d 596, 600 (S.D.N.Y.2002) (internal quotation marks and citations omitted). Accordingly, a court should "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.,* 964 F.2d 85, 89 (2d Cir.1992). "The decision to admit expert testimony is left to the broad discretion of the trial judge and will be overturned only when manifestly erroneous." *McCullock v. H.B. Fuller Co.,* 61 F.3d 1038, 1042 (2d Cir. 1995). For this reason, "motions to exclude are rarely appropriate for interlocutory appeal." *Morris v. Tyson Chicken, Inc.,* 2022 WL 68963, at *1 (W.D. Ky. Jan. 6, 2022). *See also Rembrandt Soc. Media, LP v. Facebook, Inc.*, 561 F. App'x 909, 911 (Fed. Cir. 2014) (denying interlocutory appeal of *Daubert* ruling even though the district court certified and the parties requested it).

## III. ARGUMENT AND AUTHORITIES

### A. THIS IS NOT A QUESTION OF LAW

Evidentiary rulings under Daubert are not pure legal questions, which is most easily demonstrated by the fact that evidentiary rulings are not reviewed *de novo*. *Casey v. Long Island R. Co.,* 406 F.3d 142, 146-147 (2d Cir. 2005) (denying motion to appeal an evidentiary ruling

2

which did "not present a question of law. Rather, it presents a question as to the proper evaluation of the evidence introduced at trial. That evaluation is not reviewed *de novo,* as a question of law would be, but rather is accorded deferential review."). Rather, evidentiary rulings are reviewed for abuse of discretion. *Franklin v. Consol. Edison Co. of New York, Inc.,* 37 F. App'x 12, 14 (2d Cir. 2002) ("We review a district court's decision to admit or exclude evidence under *Daubert* for abuse of discretion."). And "[a]buse of discretion rulings dot satisfy the standard under 1292(b)." *White v. Nix,* 43 F.3d 374, 377 (8th Cir.1994) ("A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court."); *In re City of Memphis,* 293 F.3d 345, 351 (6th Cir. 2002) ("An allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b).").

In *Lidle*, the defendant sought interlocutory review of the trial court's Daubert ruling on the plaintiff's expert witness. Contrary to the Defendant's characterization of the issue as a question of law, this Court rejected the movant's argument and stated that an evidentiary ruling under 702 was a classic example of applying law to facts:

> The essence of Defendant's argument is that the Court incorrectly applied the law to the facts presented. Thus, the questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented by the parties. Thus, this is not a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Under these circumstances, such determinations do not present issues of pure law and therefore are not appropriate for interlocutory review. *Lidle v. Cirrus Design Corp.,* 2010 WL 4345733, at *3 (S.D.N.Y. Oct. 29, 2010).

For this reason alone, this Court should deny the Motion. *Bellino v. JPMorgan Chase Bank, N.A.,* 2017 WL 129021, at *2 (S.D.N.Y. Jan. 13, 2017) ("[T]he 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'").

3

## B. THERE IS NOT SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINON AND EVERY FEDERAL COURT TO CONDCUT A DAUBERT CHALLENGE TO JESSE OGREN HAS FOUND HIM UNRELIABLE

There is not substantial ground for difference of opinion. In the only two instances on record in which Ogren has been challenged as an expert witness, he has been found unreliable by federal courts. *Gutherless v. Union Pac. R.R. Co.,* 2021 WL 5958355, at *2 (D. Neb. Dec. 16, 2021) ("The Court agrees with UP that Ogren has failed to provide an adequate basis for his opinions that Gutherless could expect future earnings of $100,000 per year as a conductor and $140,000 per year as an engineer. Under Rule 702, expert testimony that is speculative or based on insufficient facts is not admissible at trial."); *Rosenberg v. ECMC*, Adv. Pro 18-9023, Dkt. 112 (Bankr. S.D.N.Y Sept. 21, 2022) ("The Court has heard no way to determine the reliability of Mr. Ogren's testimony or his principles and methods. The Defendant has not described how RAPEL operates as a methodology or how the results can be measured or verified for reliability.'"). [2] In fact, ECMC has not identified a single instance where Mr. Ogren has withstood a *Daubert* challenge and thus there is no published difference of opinion. And the Defendant's failure to attach the transcript of the Bankruptcy Court's *voire dire*—where the Court repeatedly asked Ogren questions about his methodology which he was unable to answer— should preclude any interlocutory review. Nor should this Court be drawn into the Defendant's attempt to conflate the RAPAEL method with its own expert. Motion at 10 ("[T]he 'RAPEL' methodology, which Ogren will use in this case, is an accepted methodology by federal courts for vocational experts.").

---

[2] ECMC again states that its expert was not precluded from testifying in *Gutherless*. Motion at 8. But ECMC provides no evidence of this beyond renewed self-serving statements of the witness that plainly contradict the language of the court's order in *Gutherless* and a review of the docket shows no indication from that court or the parties that Ogren was ever permitted to testify about anything after the court's evidentiary ruling.

Ogren's exclusion was not an abstract ruling against the RAPEL method—it was a rejection of this specific expert to testify about this specific debtor.

### C. APPELLATE REVIEW WILL NOT MATERIALL ADVANCE THE TERMINATION OF THE LITIGATION

Review of the evidentiary ruling will not materially advance the termination of the litigation. Whether or not the decision is reversed, the parties are still proceeding to trial. *In re City of Memphis,* 293 F.3d 345, 351 (6th Cir. 2002) ("When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation."). If anything, ECMC is already wasting considerable judicial resources perusing this appeal by falsely claiming it involves a pure question of law. Moreover, moving to appeal an evidentiary ruling before trial is clearly not in the interest of judicial economy—that is precisely why they are precluded from immediate review.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the Defendant's motion for leave to appeal.

February 8, 2023

                          Respectfully submitted,

                          By:      /s/ Austin Smith

                          **SMITH LAW GROUP LLP**
                          Austin C. Smith
                          99 Wall Street, No. 426
                          New York, New York 10005
                          (917) 992-2121
                          austin@acsmithlawgroup.com

## **CERTIFICATE OF SERVICE**

I, Austin C. Smith, do hereby certify that this document was served on all parties registered to receive ECF filings on February 8, 2023.

*/s Austin C. Smith*