UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN J. ROSENBERG,

              Plaintiff-Appellee,

  v.

EDUCATIONAL CREDIT MANAGEMENT CORPORATION,

              Defendant-Appellant.

No. 22-CV-8954 (KMK)

OPINION & ORDER

---

Appearances:

Austin C. Smith, Esq.
Smith Law Group LLP
New York, NY
*Counsel for Plaintiff-Appellee*

Kenneth L. Baum, Esq.
Law Offices of Kenneth L. Baum LLC
Rochelle Park, NJ
*Counsel for Defendant-Appellant*

KENNETH M. KARAS, District Judge:

      Defendant-Appellant Educational Credit Management Corporation ("Defendant-Appellant") seeks an interlocutory appeal from the decision striking its expert witness entered in the United States Bankruptcy Court for the Southern District of New York by United States Bankruptcy Judge Cecelia G. Morris.  (*See* Not. of Appeal (Dkt. No. 1).)  For the reasons given herein, Defendant-Appellant's appeal is dismissed because the Court lacks jurisdiction to hear it.

I.  Factual and Procedural Background

While a recitation of the full background of the case is unnecessary for purposes of the instant Motion, the following is a brief summary of the relevant facts and procedural history.[1]

On June 18, 2018, Plaintiff-Appellee Kevin J. Rosenberg ("Plaintiff-Appellee") initiated Chapter 7 bankruptcy proceedings against Defendant-Appellant to discharge his student loan debt.  (Bankr. Dkt. Nos. 1, 5.)  On January 7, 2020, the bankruptcy court granted summary judgment for Plaintiff-Appellee and denied summary judgment for Defendant-Appellant.  (Bankr. Dkt. No. 68.)  Defendant-Appellant appealed that decision to the United States District Court for the Southern District of New York and on September 30, 2021, the District Court reversed the grant of summary judgment for the Plaintiff-Appellee, upheld the denial of summary judgment for Defendant-Appellant, and remanded the case for further proceedings.  (Bankr. Dkt. No. 78.)

On July 7, 2022, Plaintiff-Appellee moved to strike the testimony and Vocational Evaluation Report of Defendant-Appellant's expert witness Jesse R. Ogren ("Ogren").  (Bankr. Dkt. No. 102.)  "Ogren is a vocational counselor and evaluator with and owner of the Wisconsin Return-to-Work Center, based in Minneapolis, Minnesota."  (Bench Ruling Mem. Striking Testimony ("Bankr. Op.") 2 (Bankr. Dkt. No. 112).)  Ogren's report concluded that Plaintiff-Appellee "could earn a salary of $80,000 as a paralegal were he to apply for work."  (*Id*.)  Defendant-Appellant objected to the motion on August 9, 2022.  (Bankr. Dkt. No. 108.)

On September 21, 2022, the bankruptcy court granted Plaintiff-Appellee's motion to strike Ogren's testimony and Vocational Evaluation Report.  (*See* Bankr. Op.)  In doing so, the

---

[1] Citations to "Bankr. Dkt. No." refer to the bankruptcy court's docket in case number 18-09023.

bankruptcy court applied Rule 702 of the Federal Rules of Evidence which governs the admissibility of expert testimony and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), explaining that it "heard no evidence of the scientific, technical, or otherwise specialized nature of the knowledge that [] Ogren offers in this case," and "heard no way to determine the reliability of [] Ogren's testimony or his principles and methods." (*Id*. at 3–6.) Therefore, the bankruptcy court concluded that "Ogren has failed to demonstrate that he offers scientific, technical, or other specialized knowledge and that his testimony is based on sufficient facts or data and is the product of reliable principles and methods." (*Id*. at 6.)

On January 24, 2023, Defendant-Appellant submitted its motion for leave to appeal the bankruptcy court's decision striking Ogren's testimony and Vocational Evaluation Report. (Mot. for Leave to Appeal ("Def.'s Mem.") (Dkt. No. 9).) On February 8, 2023, Plaintiff-Appellee submitted its opposition. (Mem. of Law in Opp. ("Pl.'s Mem.") (Dkt. No. 10).)

## II.  Discussion

### A.  Jurisdiction

This Court's jurisdiction to hear appeals from the Bankruptcy Court is established by 28 U.S.C. § 158(a).  To the extent relevant here, it provides for jurisdiction over appeals "from final judgments, orders, and decrees," 28 U.S.C. § 158(a)(1), and, "with leave of the court, from . . . interlocutory orders and decrees," *id*. § 158(a)(3); *accord In re MF Glob. Holdings, Ltd*., No. 12-CV-3757, 2012 WL 4763087, at *1 (S.D.N.Y. Oct. 5, 2012), *aff'd sub nom. Sapere Wealth Mgmt. LLC v. MF Glob. Holdings Ltd*., 546 F. App'x 56 (2d Cir. 2013) (summary order). Accordingly, a district court "has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court" pursuant to 28 U.S.C. § 158(a)(3). *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003).  "Neither the Bankruptcy Code nor the Rules of Procedure provide standards for guiding that discretion." *In re LATAM Airlines Grp. S.A*., No. 22-CV-2556, 2022 WL 1471125,

at *5 (S.D.N.Y. May 10, 2022). In the absence of such standards, the majority of "district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal . . ., set forth in 28 U.S.C. § 1292(b)." *Id.*; *United States v. Bond*, 09-CV-1824, 2009 WL 3254472, at *3 (E.D.N.Y. Oct. 9, 2009) (collecting cases).

"Interlocutory orders that are otherwise non-appealable may be reviewed under [§ 1292(b)] if the district court is of the opinion that such an order [(1)] involves a controlling question of law [(2)] as to which there is a substantial ground for a difference of opinion and [(3)] that immediate appeal could materially advance the ultimate termination of the litigation." *McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.*, 849 F.2d 761, 764 (2d Cir. 1988) (citing 28 U.S.C. § 1292(b)); *see also Orthodox Jewish Coal. of Chestnut Ridge v. Village of Chestnut Ridge*, No. 19-CV-443, 2021 WL 6127049, at *8 (S.D.N.Y. Dec. 28, 2021) ("Section 1292(b) provides that a district court may certify an immediate appeal of an interlocutory order if the court is 'of the opinion that such order involves a controlling question of law as to which there is substantial ground of difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" (quoting 28 U.S.C. § 1292(b))). "The party seeking interlocutory appeal has the burden to establish all three [§] 1292(b) factors." *United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021). But "even when the elements of [§] 1292(b) are satisfied, the district court retains unfettered discretion to deny certification," *Belya v. Kapral*, No. 20-CV-6597, 2021 WL 2809604, at *1 (S.D.N.Y. July 6, 2021) (quoting *Garber v. Off. of the Comm'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014)), because "interlocutory appeals are presumptively disfavored," *Quartararo*, 521 F. Supp. 3d at 273 (alteration omitted) (quoting *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 399 (S.D.N.Y.

2018)).  Indeed, "although [§ 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).  Accordingly, "only 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer v. S.N.C. Achille Lauro ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (alteration omitted) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)); *see also Flor v. Bot Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir. 1996) ("As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" (alterations omitted) (quoting *Klinghoffer*, 921 F.2d at 25)).

  B. Analysis

  Defendant-Appellant seeks an interlocutory appeal of the bankruptcy court's preclusion of its expert witness from testifying at trial pursuant to Fed. R. Evid. 702.  (*See generally* Def.'s Mem.)  Defendant-Appellant argues that the "controlling question of law is the admissibility of expert testimony under Rule 702" and notes that it is a "well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions."  (*Id.* at 6–8.)  Plaintiff-Appellee argues that such a determination is not a pure question of law and is therefore inappropriate for review at this stage.  (Pl.'s Mem. 2–3.)  Next, Defendant-Appellant argues that a substantial ground for difference of opinion exists as "Ogren himself testified as a vocational expert in this very jurisdiction using the same methodology and was cited with approval in this court on appeal" and that "there is ample authority where Ogren specifically has been allowed to testify as

a vocational expert in a variety of contexts using the same or similar methodology." (Def.'s Mem. 8–10.) Plaintiff-Appellee counters by noting that "the only two instances on record in which Ogren has been challenged as an expert witness, he has been found unreliable by federal courts." (Pl.'s Mem. 4.) Finally, Defendant-Appellant argues that if it is "compelled to file a post-trial appeal of an adverse decision at trial based on the bankruptcy court's refusal to allow Ogren to provide expert testimony, and the district court were to reverse and remand to allow Ogren to testify, the parties would be forced to endure the time and expense of two (2) trials of this case." (Def.'s Mem. 11.) Plaintiff-Appellee contends that "[r]eview of the evidentiary ruling will not materially advance the termination of the litigation" and that "moving to appeal an evidentiary ruling before trial is clearly not in the interest of judicial economy—that is precisely why they are precluded from immediate review." (Pl.'s Mem. 5.)

       1. Controlling Question of Law

Under the first prong of the 1292(b) analysis, the "'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.'" *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14-CV-3139, 2017 WL 129021, at *2 (S.D.N.Y. Jan. 13, 2017) (citation omitted). "Fact-dependent matters that are within the [trial] court's discretion . . . do not involve a 'controlling issue of law' under § 1292(b)." *Convole, Inc. v. Compaq Computer Corp*, No. 00-CV-5141, 2006 WL 2788234, at *2 (S.D.N.Y. Sept. 27, 2006); *see In re Aggrenox Antitrust Litig.*, No. 14-MD-02516, 2018 WL 834228, at *5 (D. Conn. Feb. 12, 2018) ("A controlling question of law must refer to a pure question of law and contrasts with a matter for the discretion of the trial court.") (quotation marks and citations omitted); *see also In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) ("An allegation of abuse of discretion on an evidentiary ruling does not create a legal issue under § 1292(b).");

6

*White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) ("A legal question of the type referred to in § 1292(b) contrasts with a matter for the discretion of the trial court.") (quotation marks and citation omitted).  Expert witness admissibility determinations, which are fact-dependent matters, lie within the broad discretion of the trial court.  *See In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016) (noting, regarding expert witness admissibility determinations, that the "district court has broad discretion to carry out this gatekeeping function," and "[i]ts inquiry is necessarily a 'flexible one'") (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594 (1993)); *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 264 (2d Cir. 2002) ("We review a district court's determination to admit or exclude expert testimony under *Daubert* for abuse of discretion.").  Accordingly, in *Lidle v. Cirrus Design Corp.,* No. 08-CV-1253, 2010 WL 4345733 (S.D.N.Y. Oct. 29, 2010), the court noted in its denial of interlocutory appeal pertaining to expert witness admissibility determinations that the

> essence of Defendant's argument is that the Court incorrectly applied the law to the facts presented.  Thus, the questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the facts presented by the parties.  Thus, this is not a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.  Under these circumstances, such determinations do not present issues of pure law and therefore are not appropriate for interlocutory review.

*Id*. at *2 (citations and quotation marks omitted).  So too here, Defendant-Appellant requests this Court engage in a fact-dependent inquiry—one that it could not determine without a study of the record and is left to the discretion of the trial court.  Therefore, Defendant-Appellant's request for an interlocutory appeal is denied.  *See Mapinfo Corp. v. Spatial Re-Eng'g Consultants,* No. 02-CV-1008, 2007 WL 28411, at *1–2 (N.D.N.Y. Jan. 3, 2007) (denying request for interlocutory appeal because "whether the Court properly exercised discretion in precluding the [expert report] by not considering" particular evidence was "essentially factual, not legal"); *see*

7

*also Casey v. Long Island R. Co.,* 406 F.3d 142, 146–47 (2d Cir. 2005) (holding that the district court's decision to set aside the jury award did not present a controlling issue of law warranting certification of an interlocutory appeal under § 1292(b) because the excessiveness of the jury's award "presents a question as to the proper evaluation of the evidence introduced at trial" and that evaluation "is accorded *deferential* review") (emphasis added); *Schine v. Schine*, 367 F.2d 685, 688 (2d Cir. 1966) (holding that an order denying defendants' motion for a separate trial did not meet the requirements for certification of an interlocutory appeal because "*whether the district court judge abused his discretion* in granting or denying a separate trial . . . may rarely, if ever, involve a 'controlling question of law'" under § 1292(b)) (emphasis added).

## 2.  Substantial Ground for a Difference of Opinion

The second criterion under 28 U.S.C. § 1292(b) requires that there be a "substantial ground for a difference of opinion," which "must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order." *In re Bernard L. Madoff Inv. Sec. LLC*, No. 22-CV-8741, 2023 WL 3293648, at *3 (S.D.N.Y. May 5, 2023) (citation and quotation marks omitted). "Genuine doubt exists where (1) there is conflicting authority on the issue or (2) the issue is particularly difficult and of first impression." *Picard v. Estate of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011) (quotation marks and citation omitted).

Because Defendant-Appellant cannot meet the first prong of 28 U.S.C. § 1292(b), the Court need not address the second or third. *Quartararo.*, 521 F. Supp. 3d at 273 ("The party seeking interlocutory appeal has the burden to establish all three [§] 1292(b) factors."). However, even if Defendant-Appellant had satisfied the first prong, it is clear that here, "there is no substantial grounds for difference of opinion, as the bankruptcy court relied on the controlling standard in adjudicating [the] motion"—namely Rule 702 of the Federal Rules of Evidence.

8

*Veeraswamy v. Jones as Tr. of Est. of Veeraswamy*, No. 19-CV-02137, 2019 WL 1876788, at *3 (E.D.N.Y. Apr. 26, 2019). Indeed, Defendant-Appellant does not argue the bankruptcy court applied the incorrect legal standard. (*See generally* Def.'s Mem.) Instead, Defendant-Appellant appears to take issue with the bankruptcy court's application of well-settled legal principle in arguing that the bankruptcy court "erred in striking Ogren as an expert vocational witness, where his testimony is relevant, supported by an accepted methodology, and necessary to the ultimate determination." (*Id*. at 10.) Accordingly, "[o]n the actual question presented, [Defendant-Appellant's] arguments simply reflect [] disagreement with the Bankruptcy Court's application of settled law to the facts of the case." *In re Bernard L. Madoff Inv. Sec. LLC*, 2023 WL 3293648, at *7. But that amounts to an argument that "the court was incorrect in its holding," which "is not enough" to show a substantial ground for difference of opinion. *Chenault v. General Motors LLC*, No. 16-CV-3764, 2017 WL 698387, at *2 (S.D.N.Y. Feb. 21, 2017) (citation omitted); *see also Dorce v. City of New York*, No. 19-CV-2216, 2022 WL 3133063, at *1 (S.D.N.Y. July 18, 2022) (holding there was no substantial difference of opinion because there "is no question that *Twombly* is controlling law" and therefore "[w]hether the factual allegations in the complaint are sufficient under *Twombly* is not a controlling question of law but rather the application of the facts in the complaint to the question of law"); *In re Enron Corp.*, No. 01-CV-16034, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007) (holding that even "strong disagreement among the parties" about the correctness of an underlying order is "not sufficient" to create an appeal right (citations omitted)).

### 3.  Materially Advance Ultimate Termination

The third requirement for a district court to certify an order for interlocutory appeal is that "an immediate appeal from the order may materially advance the ultimate termination of the

9

litigation." 28 U.S.C. § 1292(b). This requirement, which "primarily concerns judicial efficiency," *Molner v. Reed Smith LLP (In re Aramid Ent. Fund Ltd.),* No. 21-CV-4840, 2022 WL 118293, at *8 (S.D.N.Y. Jan. 12, 2022), "is satisfied if that appeal promises to advance the time for trial or to shorten the time required for trial," *Ema Fin., LLC v. Vystar Corp.,* No. 19-CV-1545, 2021 WL 5998411, at *3 (S.D.N.Y. Dec. 20, 2021) (quotation marks and citation omitted). "Courts place particular weight on [this factor]." *Id.* (quotation marks and citation omitted); *see also Davis v. Elliot Mgmt. Corp. (In re Lehman Bros. Holdings Inc.),* No. 13-CV-2211, 2014 WL 3408574, at *1 (S.D.N.Y. June 30, 2014) (referring to the "third criterion" as "the most important") (quotation marks and citation omitted); *S.E.C. v. Gruss*, No. 11-CV-2420, 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012) (referring to the "the third and most important element of the [§] 1292(b) test"). "[T]he court must be of the opinion that immediate appeal of an order will literally accelerate the action as a whole." *Platinum Partners Value Arbitrage Fund L.P.,* No. 22-CV-6376, 2022 WL 4357548, at *4 (S.D.N.Y. Sept. 19, 2022) (alteration in original) (quotation marks and citation omitted).

In *Lidle*, the court determined that an interlocutory appeal regarding the bankruptcy court's denial of motions to strike expert opinions would not advance the ultimate termination of the litigation because doing so would delay "[a]ny decision on the merits." 2010 WL 4345733, at *3. Indeed, that "the issue here [is] not purely legal . . . militate[s] against any promise[ ] that permitting appeal now would advance the time for trial." *In re Bernard L. Madoff Inv. Sec. LLC*, 2023 WL 3293648, at *7 (second alteration in original) (citation and quotation marks omitted). To the contrary, the Court expects that evaluating this "fact-bound question now would likely delay, rather than expedite, the proceedings in this case." *Id*.

III. Conclusion

For the foregoing reasons, the Court dismisses Defendant-Appellant's appeal, without prejudice, for lack of jurisdiction. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   September 20, 2023
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge